**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X   Case No.
ROBERT CASSAR,

                                Plaintiff,                            **COMPLAINT**

      -against-


BUREAU OF COLLECTION RECOVERY, LLC.,

                              Defendant.
----------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

      1.      That this is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.  This action is also brought pursuant to the New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## PARTIES

      2.      That plaintiff is a natural person who resides in this District.

      3.      That plaintiff is a consumer as defined pursuant to 15 U.S.C. § 1692a(3).

4. That defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

5. That upon information and belief, defendant is a foreign limited liability company incorporated in Minnesota.

6. That the principal purpose of defendant is the collection of defaulted consumer debts which are owed or alleged to be owed to others.

7. That defendant uses the mails to collect or attempt to collect said debts.

## JURISDICTION AND VENUE

8. That this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL claims pursuant to 28 U.S.C. § 1367.

9. That this Court has venue pursuant to 28 U.S.C. § 1391(b), in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## AS AND FOR A FIRST CAUSE OF ACTION
## FDCPA, §§ 1692e and 1692e(8)

10. That plaintiff re-alleges paragraphs 1-9 as if fully re-stated herein.

11. That plaintiff is alleged to owe a defaulted debt incurred for personal purposes to Doubleday Book Club.

12. That at some point in time after the default Doubleday hired various debt collectors to collect the debt.

13. That one such collector hired by Doubleday was National Recovery Agency, Inc.

14. That National Recovery reported the debt as a negative account on plaintiff's credit file with one or more credit reporting agencies.

15. That, upon discovery of the National Recovery credit reporting, plaintiff consulted with his attorneys at Fagenson & Puglisi concerning said reporting.

16. That by letter dated March 2, 2011, Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to National Recovery informing National Recovery that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the debt. That said letter also requested documentation supporting National Recovery's claim.

17. That a copy (redacted) of said March 2, 2011 letter is attached as Exhibit 1.

18. That, on information and belief, National Recovery transmitted Ms. Puglisi's March 2, 2011 letter to Doubleday, and requested verification of the debt.

19. That, on information and belief, National Recovery transmitted the information contained in Ms. Puglisi's March 2, 2011 letter to Doubleday, and requested verification of the debt.

20. That by letter dated March 16, 2011 Doubleday wrote to National Recovery in response and provided purported verification of the debt.

21. That by letter dated March 21, 2011, National Recovery wrote to Fagenson & Puglisi with the purported verification of the debt.

22. That a copy (redacted) of the March 21, 2011 letter is attached as Exhibit 2.

23. That, subsequent thereto, on a date better known to defendant and Doubleday, Doubleday placed the same debt with defendant to collect.

24. That, on information and belief, said placement date was in or around July 2012.

25. That on or about October 23, 2012 plaintiff obtained a copy of his 3-bureau combined credit report.

26. That said credit report showed that defendant had reported the Doubleday debt as a negative account to Experian and TransUnion credit reporting agencies on August 31, 2012 and September 1, 2012 respectively.

27. That said credit report showed that on neither the Experian credit report nor the TransUnion credit report did defendant include a dispute marker.

28. That, on information and belief, Doubleday knew that plaintiff disputed the debt.

29. That, further evidencing the fact that Doubleday was well aware of plaintiff's representation by Fagenson & Puglisi and that plaintiff was disputing the debt, is the letter dated November 21, 2012 which Doubleday sent to defendant.

30. That said November 21, 2012 Doubleday letter contains the address of Fagenson & Puglisi as a part of plaintiff's account verification.

31. That a copy (redacted) of Doubleday's November 21, 2012 letter is attached as Exhibit 3.

32. That Doubleday could have obtained Fagenson & Puglisi's address only from Exhibit 1, Ms. Puglisi's dispute letter.

33. That, on information and belief, upon Doubleday's placement of plaintiff's account with defendant for collection, Doubleday informed defendant that plaintiff disputed the debt.

34. That, notwithstanding defendant's knowledge since in or around July 2012 that plaintiff disputed the Doubleday debt, in August and again in September 2012, defendant reported the debt to Experian and TransUnion and did not include a dispute marker.

35. That defendant's omission of a dispute marker is improper and a violation of the FDCPA, § 1692e(8) as the failure to communicate that a disputed debt is disputed.

36. That defendant's said failure to disclose on plaintiff's credit reports that the debt is disputed is also a false, deceptive and misleading means used by defendant in an attempt to collect a debt, in violation of the FDCPA, § 1692e.

## AS AND FOR A SECOND CAUSE OF ACTION
## NYGBL § 349

37. That plaintiff re-alleges paragraphs 1-36 as if fully re-stated herein.

38. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of its debt collection business in New York State as aforesaid, and constitutes a violation of NYGBL § 349.

39. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

40. That, on information and belief, as a part of its business of debt collection for its clients, defendant furnishes credit information to the credit reporting agencies regarding thousands of natural persons within New York State each year.

41. That, on information and belief, defendant regularly furnishes derogatory or negative credit information without including a dispute marker even when defendant knows the consumer has disputed the debt.

42. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

43. That plaintiff's credit score was lowered and plaintiff has been denied credit as a result, in part, of defendant's said abusive conduct and failure.

44. That upon discovering that defendant had failed to include a dispute marker on his credit files with Experian and TransUnion, plaintiff suffered panic, emotional anxiety, upset, aggravation, irritation, annoyance, sleeplessness and confusion.

45. That in that defendant was informed beforehand that plaintiff disputed the debt, defendant acted willfully and knowingly in its failure to include a dispute marker in its negative credit reporting of plaintiff's debt.

46. That defendant is in violation of NYGBL § 349(a) and liable to plaintiff under NYGBL § 349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(c) punitive damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(d) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff pursuant to NYGBL § 349;

(e) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k and NYGBL § 349(h); and

(f) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
April 8, 2013.

*Novlette R. Kidd*

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

7